**Reversed and Remanded and Opinion Filed July 28, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00894-CV

### TEXAS HEALTH AND HUMAN SERVICES COMMISSION, Appellant
### V.
### JOSEPH MCRAE, Appellee

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-04163**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Bridges

Texas Health and Human Services Commission appeals the trial court's denial of its plea

to the jurisdiction.  In two issues, the Commission argues the trial court erred in denying its plea

to the jurisdiction because Joseph McRae failed to demonstrate a waiver of the Commission's

sovereign immunity and McRae did not plead or prove a negligent condition or use of tangible

personal property.  We reverse the trial court's order and remand for further proceedings

consistent with this opinion.

On April 21, 2011, McRae was at a Commission office talking with an employee for

three to five minutes when a notice board fell off the wall.  He subsequently filed suit against the

Commission alleging (1) the Commission is a governmental unit under the Texas Tort Claims

Act (the Act); (2) the notice board falling off the wall and striking McRae and his resulting

injuries and damages were proximately caused by the wrongful act or omission of an employee of the Commission acting in the course and scope of their employment; (3) the personal injuries suffered by McRae were caused by a condition or use or misuse of tangible personal property and the Commission, if a private person, would be liable to McRae according to Texas law; and (4) in the alternative, the personal injuries suffered by McRae were caused by a condition or use of "real personal property" and the Commission, if a private person, would be liable to McRae under Texas law.

The Commission filed a plea to the jurisdiction asserting immunity from suit. In a supplemental plea to the jurisdiction, the Commission argued that this is a premises-defect case and McRae failed to establish a waiver of immunity under the Act because there was no evidence the Commission had any actual knowledge of the alleged condition that caused McRae's injuries. *See* TEX. CIV. PRAC. & REM. CODE § 101.022 (West 2011). The Commission argued McRae had erroneously pled in the alternative that the Commission's immunity was waived by the "negligent use or condition" of the letter board. The Commission asserted McRae could not circumvent the threshold elements of a premises-defect claim through artful pleading. Because the only claim McRae could make was for premises defect and the evidence established the Commission did not have knowledge of the allegedly dangerous condition of the letter board, the Commission argued, McRae could not establish that the Commission's immunity had been waived.

McRae filed a response in which he argued that, under the Act, immunity is waived for claims based on the condition of tangible property condition proximately causes personal injury or death, citing section 101.021(2) of the Act. McRae argued "personal property" is defined as everything that is the subject of ownership that is not real estate, citing *Nunez v. City of Sansom Park*, 197 S.W.3d 837, 842 (Tex. App.—Fort Worth 2006, no pet.). McRae argued the notice

board, like a painting, was tangible personal property rather than a fixture to real property. Therefore, the Commission's argument that McRae's only claim was under a theory of premises defect was incorrect: under the Act, governmental units are liable for personal injuries and death caused by condition or use of tangible personal or real property if the governmental unit would, were at a private person, be liable to the claimant according to Texas law. McRae asserted the Commission had waived immunity by its ordinary and intended use of the notice board. The trial court entered an order denying the Commission's plea to the jurisdiction, and this appeal followed.

In its first issue and a related second issue, the Commission argues the trial court erred in denying its plea to the jurisdiction because McRae failed to establish a waiver of the Commission's sovereign immunity, and McRae cannot proceed on his general negligence claims once a premises defect has been identified and McRae did not plead or prove a negligent condition or use of tangible personal property.

Governmental immunity protects any constitutionally or legislatively-created institution, agency, or organ of government from suit and liability. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(D) (West Supp. 2013). Immunity from suit defeats a trial court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject-matter jurisdiction and whether a plaintiff has alleged facts that affirmatively demonstrate a trial court's subject-matter jurisdiction are questions of law. *Id.* at 226; *Kaufman Cnty. v. Leggett*, 396 S.W.3d 24, 28 (Tex. App.—Dallas 2012, pet. denied). We therefore review de novo a trial court's ruling on a jurisdictional plea. *Miranda*, 133 S.W.3d at 226.

A governmental unit's jurisdictional plea can be based on the pleadings or on evidence. *Id.* When a plea to the jurisdiction challenges the pleadings, we look to whether the plaintiff has

–3–

alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.*; *Leggett*, 396 S.W.3d at 28. We liberally construe the plaintiff's pleadings in favor of jurisdiction, and we look to the plaintiff's intent, accepting as true the facts alleged. *Miranda*, 133 S.W.3d at 226, 228.

When a plea challenges the existence of jurisdictional facts, we must consider relevant evidence submitted by the parties to resolve the jurisdictional issues. *Id.* at 227; *Leggett*, 396 S.W.3d at 28. In reviewing such a plea, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 227-28. This standard mirrors our summary-judgment standard under Texas Rule of Civil Procedure 166a(c) and places the burden on the governmental unit, as movant, to meet the standard of proof to support its contention the trial court lacks subject-matter jurisdiction. *Id.* at 228. Once the governmental unit asserts and provides evidentiary support for its plea, the plaintiff is then required to show only that a disputed fact issue exists. *Id.*; *Leggett*, 396 S.W.3d at 28. If the evidence creates a fact question on the jurisdictional issue, the trial court cannot grant the plea; rather the fact issue is for the fact finder to resolve. *Miranda*, 133 S.W.3d at 227-28. If the relevant evidence fails to raise a fact question or is undisputed on the jurisdictional issues, the trial court rules on the plea as a matter of law. *Id.* at 228.

Governmental immunity is waived under the Act for, among other things, personal injury caused by (1) "a condition or use of tangible personal or real property" and (2) premises defects. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(2), 101.022. The duty owed a plaintiff is part of the waiver analysis under the Act. *See id.* For example, if a claim for personal injuries arises from a condition or use of tangible property, governmental immunity is waived only to the extent that a private person would be liable to the plaintiff under Texas law. *Id.* § 101.021(2). If a claim for personal injuries arises from a premises defect, the governmental unit owes the plaintiff

a more limited duty; it generally owes "only the duty that a private person owes to a licensee on private property." *Id.* § 101.022(a); *see also Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 866 (Tex, 2002) (per curiam). This limited duty requires the owner of the premises to avoid injuring the plaintiff through willful, wanton, or grossly negligent conduct and to use ordinary care either to warn the licensee of, or make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *City of Irving v. Seppy*, 301 S.W.3d 435, 441 (Tex. App.—Dallas 2009, no pet.). But if the plaintiff pays for the use of the premises, the governmental unit owes the plaintiff the duty owed to an invitee. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a). That duty "requires an owner to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition of which the owner is or reasonably should be aware." *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).

The Commission first argues that McRae's claims give rise only to a premises defect cause of action, and McRae may not recast the same facts that make up his premises-defect claim as a claim relating to the negligent condition or use of tangible property. In making this argument, the Commission relies on cases that follow the Texas Supreme Court's pronouncement in *Miranda* that the Act's limited waiver of immunity does not permit a plaintiff to avoid the "heightened standard of a premises defect claim" in section 101.022 by recasting the same facts as a claim relating to the negligent condition or use of tangible property. *Miranda*, 133 S.W.3d at 233.

McRae responds that the Commission attempts to recast this case as "premises liability through misdirection." In asserting that his primary claim is not a premises-defect claim, McRae makes a distinction between tangible personal property and real property, arguing that because a notice board is moveable and was not permanently attached to the wall, this is different from a

premises claim. But the removability or temporary nature of a piece of property on a premises does not convert a premises-defect claim into a viable negligence claim. Therefore, this evidence does not raise a fact question on the jurisdictional issue. For example, in *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997), Olivo sued for injuries he sustained when he slipped and fell on drill pipe thread protectors that had been left on the ground during the previous shift. The Texas Supreme Court said that this was a premises-defect case. *Id.* If a person is injured as a result of a condition of the premises—including property just left on the ground of the premises—rather than any conduct occurring at the time of the injury, she has a premises defect cause of action. *City of Houston v. Harris*, 192 S.W.3d 167, 176 Tex. App.—Houston [14th Dist.] 2006, no pet.) (minor's finger partially severed by placing hand on elephant statue at Houston Zoological Gardens) (citing *Olivo*, 952 S.W.2d at 527 (plaintiff fell and was injured when rolling oil pipe from rack to catwalk)); *see also Keetch v. Kroger Co.*, 845 S.W.2d 262, 263 (Tex. 1992) (plaintiff slipped on "slick spot" of overspray from product used in floral department).

Once a claim is determined to be that of a premises defect under section 101.022, we must analyze it as such, and the plaintiff is limited to the provisions delineated by the section on premises defects. *Miranda*, 133 S.W.3d at 233. In this case, we conclude that based on the allegations raised in his amended petition, McRae did not allege a negligence claim related to the condition of tangible property; rather, his allegations support only a claim for injuries caused by a condition of the premises. Thus, to the extent he asserts a claim for injuries caused by the condition or use of tangible property, specifically that the notice board was furnished in an inadequate or defective condition and that the use of certain components instead of other components caused his injuries, this is simply a recasting of his premises-defect claim as a negligent condition claim for which immunity has not been waived. *Id.*

Although we have concluded that based on McRae's pleadings we must analyze his claim as a premises-defect case, his petition does not affirmatively demonstrate that he cannot cure the pleading defects and state a claim against the Commission within the waiver of immunity under section 101.021(2). *See Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) (plaintiff may be afforded opportunity to amend if petition does not affirmatively demonstrate incurable defects in jurisdiction). We sustain the Commission's issues and reverse the trial court's order denying the Commission's plea to the jurisdiction as to McRae's claims under section 101.021(2). But because we conclude McRae should be afforded an opportunity to amend his petition to plead facts showing subject-matter jurisdiction, if possible, we remand this case for further proceedings.

140894F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEXAS HEALTH AND HUMAN
SERVICES COMMISSION, Appellant

No. 05-14-00894-CV       V.

JOSEPH MCRAE, Appellee

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-04163.
Opinion delivered by Justice Bridges.
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered July 28, 2015.